46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
SHOOTING SPORTSMAN, INC., Appellant,
v.
REMINGTON ARMS COMPANY, INC., Appellee.
 No. 94-2346.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 12, 1994.
Filed: Feb. 2, 1995.
 
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The Shooting Sportsman, Inc. (SSI), the plaintiff in this diversity case, appeals from the judgment of the District Court[1] entered in accordance with a jury verdict in favor of the defendant, Remington Arms Company, Inc., on SSI's claims. Judgment also was entered for Remington on its counter-claim for goods sold to SSI for which it did not pay; SSI does not appeal the counter- claim judgment. SSI's case was tried on the theory of promissory estoppel, the gravamen of SSI's complaint being that SSI relied to its detriment upon oral promises made by Remington personnel to the effect that if SSI met certain conditions it would be made an Authorized Functional Wholesaler for Remington.
 
 
 2
 Seeking reversal and a new trial, SSI argues that the District Court erred (1) in finding that, as a matter of law, SSI had failed to make a submissible case with respect to certain of the alleged oral promises, and (2) in using, in the special verdict form submitted to the jury, the word "unconditionally" in describing the nature of the oral promise allegedly made by Remington regional manager Art Wheaton.
 
 
 3
 Having reviewed the case, we conclude that SSI's arguments lack merit and that an opinion would lack precedential value. Accordingly, the judgment of the District Court is affirmed without further discussion.
 
 
 4
 AFFIRMED. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri